UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| FAUSTINO PUJOLS, individually and on behalf of all other similarly situated former and current employees | INDEX NO. 20-cv-10373 |

**COMPLAINT**

Plaintiffs,

-v.-

SOLUTIONZ VIDEOCONFERENCING, INC
a/k/a SOLUTIONZ, INC. and as successor to and
Real Time Services, Inc., and Laura Widmaier, CEO,
Bill Warnick, CEO and Kirk R. Fernandez, CEO,
Individually,

Defendants.

A COLLECTIVE ACTION
Pursuant to 29 USC §216(b)

-------------------------------------------------------------X

Plaintiff Faustino Pujols ("Plaintiff Pujols"), on behalf of himself and all other similarly situated current and former field technical workers by and through his attorney, Susan Ghim of the Law Office of Susan Ghim, complaining of Soultionz Videoconferencing, Inc. aka Solutionz, Inc. ("Solutionz") successor to and Real Time Services, Inc., ("RTS"), Laura Widmaier, CEO ("Defendant Widmaier"), individually, Bill Warnick, CEO ("Defendants Widmaier"), individually, and Kirk R. Fernandez, CEO, individually, (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.       Plaintiff Faustino Pujols ("Plaintiff Pujols") brings this action individually and behalf of all other similarly situated former and current employees (collectively "Collective Plaintiffs") pursuant to FLSA, 29 USC 216(b) and 29 U.S.C.§§ 201 et. seq. to remedy violations of the wage-and-hour provisions of the FLSA in order to remedy Defendants' policies and practices of wrongful withholding or non-payment of employees' earned overtime wages compensation for all hours worked over 40 hours per work week.   Defendants misclassified Plaintiff Pujols as

an exempt employee when at all relevant times of his employment Plaintiff Pujols actually performed non-exempt manual labor for actual overtime hours of approximately 20-25 hours per work week past 40 hours per week.  Based on this willful misclassification, Defendants salaried Plaintiff Pujols to avoid paying him his hourly and overtime wages for all hours he actually worked which was approximately twenty (20) to twenty five (25) hours over forty hours per workweek or approximately sixty (60) to sixty (65) hours per work week.  These actual hours were reflected in time sheets that Plaintiff Pujols submitted to human resources despite not being paid for those overtime hours.

2.      Based upon information and belief, Solutionz acquired Real Time Services Inc, ("RTS"), its business locations and its employees on or about 2016.   Plaintiff Pujols commenced his employment with RTS from on or about 2007 until it was acquired on or about 2016 by Solutionz.

3.      Plaintiff Pujols and other similarly situated Collective Plaintiffs worked as manual laborers for Solutionz, Inc. ("Solutionz")  and or Solutionz as *successor* to Real Time Services Inc, ("RTS") since on or about January 2016 and for RTS prior to January 2016.   Their primary job duties entailed the transportation of goods sold in interstate commerce and installation of heavy commercial video / audio and ancillary equipment at clients' worksites or premises.

4.      Plaintiff Pujols and Collective Plaintiffs were dispatched by their supervisors from physical office locations in NYC and Long Island.   Since on or about 2014, Plaintiff Pujols received a regular hourly wage of approximately $30 per hour with an overtime rate of $45 per hour for hours worked over 40 hours per work week.

5.      Since on or about 2016, Solutionz employed RTS employees including Plaintiff Pujols and paid their wages.  Plaintiff Pujols reported regularly during each work week during the

relevant time period, Solutionz office location with an address of 1001 6th Avenue, Suite 1202 New York, NY 10018.  To report his time and inquiries regarding the terms and conditions of his employment were required to report to Solutionz Human Resources located in Los Angeles, CA.

6.      Based upon information and belief, from on or about 2018, Plaintiff Pujols was given an assistant manager title and salaried as non-exempt employees for Solutionz to avoid paying Plaintiff Pujols his overtime wages.

7.      Plaintiff Pujols brings this action on behalf of himself and all other similarly situated Collective Plaintiffs of all locations owned and operated by Defendants who were unlawfully salaried and/or not paid overtime wages for hours they actually worked past forty (40) hours per workweek pursuant to the Federal Rules of Civil Procedure 23 to remedy violations of NYLL and their respective and attendant rules, regulations and wage orders.

8.       Plaintiff Pujols also brings this action on behalf of himself and all other similarly situated Collective Plaintiffs of all locations owned and operated by Defendants to remedy Defendants' violations of NYLL Article 6 §190 et seq., New York State Department of Labor wage orders and regulations and failure of Defendants to comply with notice and record-keeping requirements.

9.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL. Defendants' conduct extended beyond the Plaintiff Pujols to all other similarly situated employees.

10.     Plaintiff Pujols on behalf of himself and  other similarly situated current and former employees of Defendants were misclassified and/or salaried as exempt employees when those employees' continuous manual labor duties and performance of those non-exempt duties

remained unchanged to enable Defendants avoidance of payment of overtime wages to Plaintiff Pujols and Collective Plaintiffs in violation of FLSA and NYLL.

11.     Plaintiff Pujols seeks compensation for Defendants' failure to pay overtime wages, back pay for retaliatory termination, liquidated damages, penalties, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction over this action pursuant to 28 USC §1331, §1337, 29 USC §216 (b), (c),§ 217.

13.     This Court has supplemental jurisdiction over the New York state law claims under the 28 USC  §1367(a).

14.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice

15.     Venue in this district is proper under 28 USC §1391 because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## The Parties and Factual Allegations

**Defendant Solutionz, Inc.**

16.     Based upon information and belief, Solutionz is a California (CA) corporation that is authorized as a foreign corporation to do business in and currently does business in the state of New York (NY).  Solutionz has a principal business address of 901 Bringham Avenue, Los Angeles, CA 90049.

17.     At all relevant times, Solutionz was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203 (s)(1)(A) because Solutionz conducts business nationally with clients, vendors and other businesses located in states outside CA including but not limited to NY and Pennsylvania (PA).  Solutionz also transports goods sold in interstate commerce, e.g. audio / video equipment to client locations nationwide.

18.     Based upon information and belief, Solutionz currently dispatches New York resident employees to New York State worksites from one of its locations in PA.

19.     At all relevant times, Solutionz was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and employed Plaintiffs within the meaning of the FLSA.

20.     Based upon information and belief, Solutionz does business nationally, in various states including but not limited to the states of PA, NY and CA.  Currently and to date, Solutionz dispatches workers in NY or the tri-state area to NY state work projects from its offices in PA. Based upon information and belief, Soultionz closed all of its NY locations to minimize the cost of doing business in NY and as a pretextual reason for terminating some or all of its NY employees without notice during 2020 to avoid paying NY competitive hourly rates and overtime.

21.     Based upon information and belief, Solutionz has annual revenues far exceeding one million dollars per annum to satisfy the interstate commerce jurisdictional requirement under FLSA §201 et seq.  Solutionz annual gross volume of sales made, or business done, was not less than Five Hundred Thousand Dollars ($500,000.00) exclusive of sperate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203 (s)(1)(A)(ii).

22.   At all relevant times, Solutionz was a covered employer within the meaning of the FLSA, 29 U.S.C. §203(d), the NYLL §190, the N.Y. Executive Law § 292(5), and the N.Y Admin. Code. § 8-102(5).

23.   At all relevant times, Solutionz maintained control, oversight, and direction over the Plaintiffs including timekeeping, payroll and other employment practices that applied to them

**Individual Defendants**

24.   Based upon information and belief Laura Widmaier was at all relevant times, President and CEO of Solutionz and worked out of Solutionz headquarters ("HQ") located in Pittsford, NY.  As an officer and/or shareholder of Solutionz, Widmaier had control and influence over and was liable for the labor and employment policies and practices of Solutionz.

25.   Based upon information and belief Bill Warnick was at all relevant times CEO of Solutionz and worked out of Solutionz HQ  located in Los Angeles, CA.  As an officer and/or shareholder of Solutionz, Warnick had control and influence over and was liable for the labor and employment policies and practices of Solutionz.

26.   Based upon information and belief Kirk R. Fernandez is a CEO and founder of Solutionz and as an officer and/or shareholder of Solutionz, Fernandez had control and influence over and was liable for the labor and employment policies and practices of Solutionz.

27.   Specifically, the labor and employment policies and practices that were violated by Defendants in addition to the misclassification of non-exempt employees as exempt employees to evade payment of overtime wages, were failure to keep wage notices and acknowledgements mandated under NYLL with attendant penalties of a maximum of five thousand dollars ($5,000) per employee.

28.     Defendants created and maintained a work environment designed to oppress its employees to believe they were fortunate to have a job.  For fear of losing their jobs if any employee complained, manual labor employees were compelled to tax their physical capabilities that caused injury and disability without overtime compensation.  On or about August 7, 2020 when Plaintiff Pujols last suffered a serious re-injury to his shoulders on the job, that he injured years prior also on the job with Solutionz, and Defendants could no longer take advantage of his physical labor for overtime hours without paying overtime wages, Defendants terminated Plaintiff Pujols employment on or about August 10, 2020 without notice and shortly after Plaintiff Pujols' filed a workers' compensation claim on or about August 7, 2020.

29.     Pursuant to FLSA, NYLL and New York State Business Corporation Law §630, Widmaier, Warnick and Fernandez are shareholders, officers and executives who are individually and personally liable for unpaid overtime wages of Plaintiff Pujols and Collective Plaintiffs.

**Joint Employers**

30.     At all relevant times throughout Plaintiff's employment, Individual Defendants were a "covered employer" within the meaning of the FLSA, the NYLL and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296 (1)(a) and (6), and N.Y. Admin. Code § 8-107 (1) and (7)(v)

31.     At all relevant times throughout Plaintiff's employment, Individual Defendants Widmaier, Warnick, Fernandez and Corporate Defendants Solutionz and RTS were joint employers of Plaintiff, acted in the interest of each other with respect to employees and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791 .2

32.     At all relevant times throughout Plaintiff's' employment, Individual Defendants Widmaier and Warnick had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages: maintaining employee records: setting Plaintiff's and other employees' schedules; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

33.     At all relevant times throughout Plaintiff's employment, Individual Defendants were actively involved in the day-today operations of Corporate Defendant by and through their supervisors and managers.

**Defendant Real Time Services, Inc.**

34.     Based upon information and belief, Real Time Services, Inc. (RTS) was a New York state corporation with a principal address of 85 Schmitt Blvd, Farmingdale, NY 11735 that employed Plaintiff Pujols and some or all of the class Plaintiffs since on or about 2007.   At all relevant times, Plaintiff Pujols reported to the Solutionz / RTS office located at 1001 6th Avenue, Suite 1202 New York, NY 10018 On or about January 2016, Solutionz acquired RTS, its video/audio installation business and some or all of its employees including Plaintiff Pujols.

35.     As an employer within the meaning of FLSA and NYLL, RTS is liable to Plaintiff Pujols and some or all of the class Plaintiffs as predecessor to or joint-employer with Solutionz for some or all of the FLSA and NYLL violations alleged in this Complaint.

**Plaintiff Pujols**

36.     Plaintiff Pujols at all relevant times was a resident of New York state, Bronx County. Plaintiff Pujols and class Plaintiffs worked at client worksites in and around New York City.

37.     At all relevant times, Plaintiff was employed by Defendant Corporation within the meaning of the NYLL §§ 2 and 651

38.     Plaintiff Pujols was employed by Defendant, Solutionz, as an assistant project manager from on or about 2018 until Plaintiff Pujol was terminated from his employment on or about August 10, 2020.

39.     From on or about January 2016, Plaintiff Pujols was employed by the Defendant Solutionz as a manual laborer or field technician.

40.     At all relevant times, Plaintiff Pujols worked approximately sixty (60) to sixty five (65) hours per workweek or twenty (20) to twenty five (25) hours past 40 hours per workweek.

41.      Throughout the duration of his employment with Solutionz and RTS, Plaintiff Pujols did not have any supervisory authority, nor did he exercise discretion or independent judgment with respect to matters of significance. Plaintiff never had any managerial duties, such as hiring and firing employees, doing payroll and setting employees' hours of work.  Instead, Plaintiff Pujols was required to perform heavy manual labor and submit timesheets reflecting his actual hours worked of approximately 60 – 65 hours per workweek despite never receiving overtime wages for those overtime hours actually worked by him.

42.     From on or about January 2016 to on or about 2018, Plaintiff Pujols worked for Solutionz as a manual laborer or field technician.

43.     From on or about 2007 to December 2015, Plaintiff worked as a manual laborer or field technician for Defendant RTS until on or about January 2016 when Solutionz acquired RTS and its employees including Plaintiff Pujols.  From on or about January 2014 through on or about 2018, Plaintiff Pujols worked an average of sixty (60) to sixty-five (65) hours per work week at

regular hourly rate of $30 per hour and an overtime rate of $45 per hour which was one and one half times the regular hourly rate.

44.     Since on or about 2016, Plaintiff Pujols was not paid his overtime wages from Solutionz/RTS.

45.     Since on or about January 2018, Solutionz misclassified Plaintiff Pujols as exempt and willfully denied paying Plaintiff Pujols any overtime wages due to him.   At all relevant times, even to the date of his termination from his employment with Solutionz, Plaintiff Pujols worked approximately sixty (60) to sixty five (65) hours per work week and was not compensated by Defendants with overtime wages.

46.     Since on or about January 2018, Plaintiff's regular hourly rate was approximately $37.50 per hour and an overtime hourly rate of $56.25 based on Solutionz annualized salary of $78,000 that was based on a forty (40) hour workweek.

47.     On or about August 7, 2020, Plaintiff Pujols suffered a shoulder injury on the job that necessitated an emergency hospital visit. Plaintiff Pujols had suffered a previous shoulder injury on the job on or about 2016.  Shortly after Plaintiff Pujols filed a Workers' Compensation on or about August 7, 2020 because he injured his shoulders on the job from performing manual labor Solutionz terminated Plaintiff Pujols on or about August 10, 2020 from his employment with Solutionz.  Specifically, Plaintiff Pujols' non-exempt duties entailed lifting large video and /or audio equipment for installation at clients' worksites in the New York City area.    Plaintiff Pujols non-exempt manual labor duties did not change since his employment with RTS predecessor to Solutionz on or about January 2007 even after Plaintiff Pujols was classified as an exempt assistant manager and salaried on or about 2018.  Since on or about 2016, Defendants failed to pay overtime wages due to Plaintiff Pujols.

48.     From on or about February 21, 2007 Plaintiff Pujols was employed by Defendants as a field technician performing manual labor, specifically lifting and carrying heavy video and audio equipment for installation at client work sites.

49.     At all relevant times, Plaintiff Pujols worked an average of approximately sixty (60) to sixty five (65) hours per work week.  Even after Plaintiff Pujols' title was changed to Junior Project Manager, his duties remained the same as when his title was Field Technician.  Plaintiff Pujols had agreed to move into a Junior Project Manager role as an accommodation for his shoulder injury on or about 2016, believing that it would relieve him of performing manual labor duties.  Plaintiff Pujols had injured his shoulders at work lifting and installing heavy commercial audio / video equipment on or about 2016.  Notwithstanding Plaintiff Pujols' reliance on a change in title and duties, Plaintiff Pujols was compelled to suffer continued heavy manual labor as he did not wish to lose his job as he had young children to financially support.  As a consequence Plaintiff Pujols re-injured his shoulder on or about August 7, 2020 lifting and installing heavy commercial audio / video equipment.   The fact the Plaintiff Pujols injured his shoulder on or about August 2020 directly supports the fact that his manual labor duties remained unchanged with his transition into an assistant manager title on or about January 2018.  Plaintiff Pujols' injury on or about August 7, 2020 was a culmination of continued injury on a daily basis by performing heavy lifting, holding, and carrying on already injured shoulders, specifically, torn and scarred rotator muscles.

50.     Shortly after filing his workers' compensation claim after his emergency room visit on or about August 7, 2020, Solutionz added insult to injury by terminating Plaintiff Pujols because they could no longer extract Mr. Pujols' heavy manual labor averaging sixty (60) to sixty five (65) hours per week for overtime hours without paying overtime compensation. Solutionz

terminated Plaintiff Pujols under the guise of Solutionz' eliminating the assistant manager position without any notice whatsoever.

51.     Plaintiff Pujols inquired about overtime wages on or about 2018 with management and was told that only union workers (who regularly worked on the same construction projects as Solutionz field technicians), are paid overtime and that Solutionz was not unionized and therefore its employees were not entitled to overtime pay.  Notwithstanding, Plaintiff Pujols was frequently required to complete  or "clean up" union construction workers' work, tasks or duties after installing heavy commercial audio / video equipment.  Plaintiff Pujols was not compensated with union wages or overtime wages for performing any of this work.

52.     Plaintiff Pujols regularly worked approximately sixty (60) to sixty five (65) hours per week and regularly finished union construction workers' tasks on numerous projects if they were unfinished causing him and other Plaintiffs to work hours past 40 hours per week without overtime compensation.  Plaintiff Pujols regularly submitted timesheets to Solutionz Human Resources Department located in Los Angeles CA for his actual hours worked of approximately sixty (60) to sixty five (65) hours per week but was paid a salary of approximately $78,000 per year for 40 hour workweeks or $1,500 per 40 hour work week but not paid for any hours worked past 40 hours per week.

53.     In violation of NYLL, rules and regulations and NYS Department of Labor Wage Order Plaintiff Pujols and Collective Plaintiffs who were manual laborers were not paid on a weekly basis but instead were improperly paid on bi-weekly basis.

54.     At all relevant times and throughout the course of Plaintiff Pujols' employment with the Defendants, Plaintiff Pujols has suffered long hours approximately twenty (20) to twenty five (25) hours past 40 hours per week performing heavy manual labor that ultimately and further

physically disabled Plaintiff Pujols without paying him lawful and due overtime compensation. At all relevant times, management was aware or should have been aware of their failure to pay overtime compensation and Defendants' omission to pay overtime wages was willful.

55.     Defendants retaliated by terminating Plaintiff Pujols on or about August 10, 2020 for his disability and for filing his Workers Compensation claim and "eliminated" his assistant manager position in retaliation for his request for an accommodation on or about August 5, 2020.  The termination was also in retaliation for his disability and inability to further provide heavy manual labor for overtime hours without overtime compensation and for having inquired about being paid overtime wages.

56.     Based upon information and belief, Solutionz closed all of their physical New York State offices and some or all of approximately 50 employees of Solutionz were terminated from their employment without prior notice at various times throughout 2020 without being paid proper overtime compensation.

57.     Based upon information and belief, Solutionz continues to do business in New York State and New York County to date by dispatching New York State and tri-state resident workers remotely from their Pennsylvania offices to minimize the costs of doing business in NY and to avoid paying competitive NY and/or union hourly and overtime wages.

58.     Based upon information and belief Solutionz is currently performing a multi-million dollar project in New York City and continues to employ PA residents, New York State residents and tri-state residents on this project without payment of competitive hourly wages and proper overtime wages.   Defendants terminated Plaintiff Pujols in willful retaliation for his inability to render manual labor for overtime hours without overtime wages.

59.     Based upon information and belief, over approximately 50 other field technicians, and managers who performed manual labor were willfully not paid overtime wages due to them and were terminated from their employment from the employer under the guise of permanent office / plant shut downs without any notice whatsoever.

60.     As a result of Defendants' actions, of willfully denying overtime wages to their employees and terminating some employees to avoid paying proper regular and overtime wages, Plaintiff Pujols and Collective Plaintiffs have suffered great hardship and damages as Defendants deprived all Plaintiffs of regular and overtime wages during unprecedented difficult economic times due to the COVID – 19 pandemic and terminated them without prior notice or time to look for similar employment.   Defendants' actions of permitting Plaintiff Pujols to suffer 20-25 hours per week of overtime hours of heavy manual labor when he specifically requested a management position to cease performing those duties, directly and proximately caused Plaintiff Pujols' permanent and disabling physical injuries.  The oppressive environment imposed upon its employees by Defendants caused them to overtax their physical limits in order for them to maintain their livelihoods and benefits.

**Collective Plaintiffs**

70.   Similarly situated Plaintiffs were employed by Defendants on a salaried basis since on or about January 2016 to date, performing manual labor, regularly working or worked hours over forty (40) hours per week and not paid lawful overtime wages.

71.   Pursuant to 29 U.S.C. §§ 203, 207 and 216(b), Plaintiff brings his cause of action as a collective action under the FLSA on behalf of themselves and the following collective:

All current and former employees employed by Defendants at any time from on or about January 2016 to the present day (the "Collective Action Period") who worked as non-exempt employees

of the Defendants (the "Collective Action Members") and were not paid overtime wages for actual hours worked over forty (40) hours in one workweek.

61.     A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay overtime wages for overtime hours, specifically hours past 40 hours in a workweek at a rate of one and one half times their regular hourly rate pursuant to FLSA and NYLL.

62.     Plaintiff and the Collective Action Members have substantially similar non-exempt heavy manual job duties and were salaried and/or not paid overtime wages for actual overtime hours worked.

63.     The claims of Plaintiff Pujols stated herein are similar to those of the other former and current employees as they were all subjected to Defendants' illegal policies including but not limited to misclassification of Plaintiff Pujols job title resulting in salaried wages and /or simply non-payment of overtime wages for actual overtime hours worked.

64.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 2l6(b)

## FIRST CAUSE OF ACTION

**Violation of Fair Labor Standards Act – Unpaid Overtime Wages**

**(Brought on Behalf of Plaintiff Pujols and the Collective Action Members)**

65.     Plaintiff, on behalf of himself and the Collective Plaintiffs, repeat, reallege and incorporate by reference each and every allegation previously set forth as if fully set forth herein.

66.     The overtime wage provisions set forth in FLSA, 29 USC §201 *et seq*. and federal rules and regulations apply to Defendants and protect Plaintiff Pujols and the Collective Plaintiffs.

67.     Plaintiff Pujols and Collective Plaintiffs regularly worked hours in excess of forty (40) hours per work week during some if not all work weeks during the relevant time period.

68.     Defendants willfully failed to pay Plaintiff Pujols and Collective Plaintiffs the appropriate overtime wages for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA, 29 USC §201 *et seq*. and attendant federal rules and regulations.

69.     Defendants' unlawful conduct as described *supra* was willful and intentional. Defendants, a large national, sophisticated employers with unlimited resources were aware or should have been aware that their practices were in violation of overtime wage laws, rules and regulations as detailed in this Complaint.  Defendants have refused to reinstate Plaintiff Pujols to a similar position and refused to make a good faith effort to comply with the FLSA regarding compensation of overtime wages to Plaintiff and the FLSA Collective.

70.     Because of Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to FLSA, 29 U.S.C § 255(a).  As a result of Defendants' willful violations of the FLSA, Plaintiff Pujols and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at the time trial, and are entitled to recovery of such amounts and liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 USC 201 et seq.

71.     As a result of the Defendants' violations of the FLSA, Plaintiffs, and the Collective Action members have suffered damages by being denied wages at or exceeding the statutory

minimum in accordance with the FLSA in amounts to be determined at trial and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### Violation of New York Labor Law – Unpaid Overtime Wages

72.  Plaintiff Pujols repeats, realleges and incorporates by reference each and every allegation previously set forth as if fully set forth herein.

73.  At all times relevant to this action, Plaintiff Pujols was employed by Defendants within the meaning of NYLL §651 and 12 NYCRR §142-2.2.

74.  Pursuant to New York Labor Law Article 19, §663 (3), the statute of limitations of six (6) years further applies to all causes of action beyond the FLSA two (2) or three (3) years statute of limitations period.  29 U.S.C § 255(a).

75.  Defendants failed to pay Plaintiff Pujols the overtime premium of one and one-half times the regular hourly rate of pay for all of their overtime hours worked, in violation of the NYLL, rules and regulations.

76.  Through their knowing or intentional failure to pay Plaintiff Pujols overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19,§§ 650 et seq., and attendant New York State Department of Labor Rules, Regulations and wage orders.

77.  Due to Defendants' willful violations of the NYLL, Plaintiff Pujols is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post- judgment interest.

## THIRD CAUSE OF ACTION

**New York Labor Law – Failure to Provide Accurate Wage Statements**

78.     Plaintiff Pujols repeats, realleges and incorporates by reference each and every allegation previously set forth as if fully set forth herein.

79.     Defendants have failed to provide Plaintiff Pujols with complete and accurate wage statements throughout their employment listing, inter alia, all regular hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

80.     Defendants failed to reflect Plaintiff Pujols' overtime wages due and/or actual overtime hours worked on their respective wage statements.

81.     Due to Defendants' violations of the NYLL, Plaintiff Pujols is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## <u>FOURTH CAUSE OF ACTION</u>

**New York Labor Law – Failure to Provide Notice at Time of Hiring AND/OR at the time of each change in wage rate.**

82.     Plaintiff repeats, realleges and incorporates by reference each and every allegation previously set forth as if fully set forth herein.

83.     Defendants failed to provide Plaintiff Pujols at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

84.     Due to Defendants' violations of the NYLL § 195(1), Plaintiff Pujols and class Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50)per workday that the violation occurred, up to a maximum of Five thousand dollars ($5,000) pursuant to NYLL § 198 (1-b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Pujols, individually and on behalf of all other similarly situated former and current employees of Solutionz, prays for the entry of an order and judgment against Defendants Solutionz, RTS, Warnick, Widmaier and Fernandez jointly and severally, seeks the following relief:

A.     Designation of this action as a collective action on behalf of the FLSA Collective (asserting FLSA claims and state claims) and prompt  issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 2 I 6(b)

B.     Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., New York Labor Law, Article 19, §§ 650 et seq., and attendant New York State Department of Labor Rules and Regulations, Wage Orders.

C.     Damages for unpaid overtime wages pay under the FLSA, 29 USC §201 et seq. and an additional and equal amount as liquidated damages pursuant to 29 U.S.C.  § 216(b) and the supporting United States Department of Labor Regulations in amounts to be determined at the time of trial;

D.      Damages for unpaid overtime wages under NYLL, NYS DOL Rules, Regulations and Wage Orders, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1) in amounts to be determined at the time of trial;

E.      Civil penalties of Ten Thousand Dollars ($10,000) for each of Defendants' willful and repeated violations of the FLSA 29 USC §207, 215(a)(2) pursuant to 29 U.S.C. § 216(a);

F.       An award of statutory penalties of fifty dollars ($50) per work day up to five thousand dollars ($5,000) for Defendants' failure to provide Plaintiff Pujols with wage notices at the time of hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

G.      An award of statutory penalties of two hundred fifty dollars ($250) per workday up to five thousand dollars ($5,000) for Defendants' failure to provide Plaintiff Pujols with accurate wage statements, pursuant to NYLL § 198 (1-d);

H.      An award of back wages, front wages, and liquidated damages for the Defendants' prohibited retaliation against Plaintiff Pujols pursuant to 29 U.S.C. § 215(2);

I.      An award of front pay, lost compensation, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000.00), for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(2)(a);

L.      An award of prejudgment interest pursuant to 28. U.S.C § 1961;

M.      An award of pre-judgement interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001- 5004

N.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

O.      An award of attorney's fees and costs pursuant to 29 U.S.C § 216(b), NYLL §§ 198 and 663(1); and

P.      Such other and further relief as this Court shall deem just and proper.

Dated: New York, NY
         December 9, 2020

                                        **LAW OFFICE OF SUSAM GHIM**

                         By:

                                        _____
                                        Susan Ghim
                                        Attorney for Plaintiff Faustino Pujols
                                        244 Fifth Avenue, Suite 1434
                                        New York, New York 10001
                                        (917) 549-4708
                                        SGHIMESQ@GMAIL.COM