USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2022

Susan Ghim
Law Office of Susan Ghim
244 Fifth Avenue, Suite 1434
New York, NY 10001
(917) 549-4708 / email: ghimlaw@gmail.com

November 28, 2022

Via ECF
Katherine H. Parker, Magistrate Judge
United States District Court, SDNY
500 Pearl Street
New York, NY

Re:   *Pujols v RTS Solutionz et al*, 22cv5455 (KHP) rel. 20 cv 10373 (KHP)
      Reply to Defendants' pre-motion letter to stay discovery [ECF doc. 50]

Dear Judge Parker:

As your Honor is aware, the undersigned represents Plaintiff Faustino Pujols ("Pujols") in the above referenced actions. As your Honor is also aware, discovery is still open in case no. 22cv5455. On or about November 18, 2022, Defendants filed a pre-motion letter to stay discovery in the instant case until their motion for judgment on the pleadings is decided. [ECF doc. 50] I write in opposition to Defendants' request to stay discovery.

A stay of discovery pending a dispositive motion requires the moving party / Defendants to show: "1) "[w]hether the defendant has made a strong showing that plaintiffs claim is unmeritorious"; 2) [t]he breadth of discovery and the burden of responding to it; and 3) "[t]he risk of unfair prejudice to the party opposing the stay"" *See, Mirra v. Jordan*, 2016 US Dist, LEXIS 30492 at *6 (SDNY, Feb. 29, 2016) As to the 1st prong of the test, "[t]he Court follows the standard requiring a strong showing that plaintiffs claim is unmeritorious…rather than the standard under which, as the defendant contends, courts "grant stays of discovery pending dispositive motion practice, when the motion, on its face, shows merit,…"" Id. *See also, Hicksville Water Dist. v. Jerry Speigel Assocs.* 2022 US Dist. LEXIS 15911 *27-28. (EDNY 2022) "[T]he Court must determine whether Defendants "ha[ve] made a strong showing that Plaintiff's claims are "unmeritorious." *Id*. at *29 In *Hicksville,* the Court denied the motion for a stay of discovery pending decision of a dispositive motion because Defendant failed to make a "strong showing" that Plaintiff's claims were unmeritorious and because "the discovery stay would impede the just and speedy administration of the lawsuit." *Id* at *31. Defendants in this case, utterly failed to set forth the first necessary element that Plaintiff Pujols' claims are "unmeritorious." Defendants have also failed to set forth that their own motion has "strong" merit or likelihood of success on the merits. Importantly, Defendants omitted the fact that Judge Woods declined to stay discovery in this case at the initial pre-trial conference ("IPTC") held on or about August 19, 2022. At the IPTC, counsel for Defendants presented to Judge Woods that they would be filing a motion to dismiss based on the doctrine of claim splitting. Undersigned counsel argued based on case law and the facts of the instant case that Defendants were not likely to prevail on such a motion. Based

1

on the arguments by counsel for the parties, Judge Woods determined at the IPTC that there was no need to stay discovery while Defendant's motion was pending.  Moreover, at the same IPTC, Judge Woods recommended that counsel for Plaintiffs submit a motion to consolidate the related cases.  On or about August 19, 2022, Judge Woods filed the case management plan providing for discovery with all depositions to be completed by December 31, 2022 and all fact discovery to close on or about January 17, 2023  [ECF doc. 21]   As in *Hicksville*, Plaintiff Pujols in this case would be prejudiced by being deprived of the just and speedy administration of both lawsuits.  As discussed *infra*, Defendants caused the fact discovery deadline to be extended three times due to their discovery delays in the first case.  In this second case, if it is consolidated with the first case, there is limited discovery necessary to support Plaintiff's state claims.  Therefore, Defendants also failed to set forth how the breadth and burden of discovery in this second action is broad and onerous in addition to prejudicing Plaintiff from a just and speedy resolution of both lawsuits.

As argued in Plaintiff's opposition brief [ECF doc 31], Defendants' pending motion to dismiss are not likely to prevail are as follows:  The doctrine of claim splitting prevents duplicative claims or lawsuits in the same court against the same parties. *See, Curtis v. Citibank*, 226 F.3d 133,138. (2d Cir. 2000)   Denial of a motion for leave to amend the pleadings based on a delayed or late filing is completely at the discretion of the Court to manage its case calendar and docket and not a determination on the merits.  *See*, *Curtis* 226 F3d 133, 139   Defendants erroneously relied on Judge Woods' denial of a motion for leave to file a Fourth Amended Complaint in related case no. 20cv10373 as having a preclusive or res judicata effect on any further claims by Plaintiff Pujols.  Specifically, Defendants hang onto Judge Woods' comment that Plaintiff did not show good cause and delayed in requesting an amendment of the pleadings to add new Defendants, new Plaintiff Deckler and further claims for Plaintiff Pujols in the first case 20cv10373.  Emphatically, Judge Woods did not dismiss the additional claims nor rule on the merits of those claims.  At oral argument on the leave to file the fourth amended complaint, Judge Woods specifically addressed whether Plaintiff could sue in another jurisdiction as a factor in denying or granting leave to amend the pleadings.  Judge Woods also stated that discovery was set to end in a couple of weeks and to re-open discovery would prejudice the Defendants.  It was clear that Judge Woods made his decision based on the Courts case management schedule.  Moreover, no dispositive motions were filed on Plaintiff Pujols' claims in the first case 20cv10373 and no decisions on the merits of those claims have been made to date.  Accordingly, Judge Woods' denial of leave to file the Fourth Amended complaint in case no. 20cv10373 were not based on the merits and had no preclusive effective on those state claims that Plaintiff Pujols subsequently filed in state court. *See*, *Won v. Amazon.com, Inc*. 2022 US Dist LEXIS 149208 at 37-38; *See also*, *Curtis v. Citibank*, 226 F.3d 133,138 (2d Cir. 2000); *Sarikaputar v. Veratip Corp*., 2021 US Dist LEXIS 165413 at *10 (SDNY August 31, 2021)

After Defendants removed the state claims back to this court, Defendants failed to show how these state claims were duplicative of the claims in the first case 20cv10373.  As set forth in Plaintiff Pujols' opposition to Defendants' motion to dismiss based on the doctrine of claim splitting, Plaintiff's state law claims in this second action were all separate and different claims that required different burdens of proof.  For instance, Plaintiff Pujols' conversion claim, wage differential claim and delayed wage claim do not exist in his first action 20cv10373. The wage differential and delayed wage claims are under New York Labor Law but they are under different and distinct provisions of the NYLL, not the wage theft act NYLL §651 et seq.  The Court in *Won*

specifically ruled that where a statute is broad in its protections such as USERRA, an employee may sue successfully under the same statute if the claims fall under different protections and/or provisions under that statute which require different burdens of proof. *See*, *Won v. Amazon.com, Inc*. 2022 US Dist LEXIS 149208 at *41

      In summary, Defendants in this case failed to show: 1) that Plaintiff's claims were "unmeritorious"; 2) how limited discovery is broad and onerous and 3) that discovery would be for a short period as a date for the Court's decision on the dispositive motion has <u>not</u> been set and would not prejudice the Plaintiff to warrant a stay of discovery. Defendants also failed to show: 4) that any of the claims in second lawsuit were the same as in the first lawsuit; 5) that any claims were duplicated against any of the parties in the first and second lawsuit; 6) how Judge Woods' denial of the filing of the Fourth Amended Complaint was a ruling on the merits of the new claims contained therein to entitle them to a dismissal of all of Plaintiff's claims in this action based on the doctrine of claim splitting and/or res judicata. *See Curtis v. Citibank*, 226 F.3d 133,138 (2d Cir. 2000); *See also*, *Won v. Amazon.com, Inc*. 2022 US Dist LEXIS 149208 at *37-38, *41-42, *45 (EDNY August 19, 2022); *Sarikaputar v. Veratip Corp*., 2021 US Dist LEXIS 165413 at *9-10,*12-13 (SDNY August 31, 2021) Accordingly, a stay of discovery should be denied.

      Plaintiff Pujols respectfully requests an extension of the discovery time period regardless of whether the stay is granted or denied to allow enough time to serve non-party subpoenas for documents that Defendants have unreasonably withheld specifically, the certified payrolls from Plaintiff's work on the Department of Investigations project and for the NYPD during on or about 2019. On or about August 31, 2022, Plaintiff served his discovery requests for certified payrolls on his prevailing wage jobs in 2019. Defendants failed to produce them to date. Plaintiffs served a deficiency notice to Defendants on or about November 15, 2022. Because Defendants filed this motion for a stay of discovery, Plaintiff Pujols has refrained from serving a subpoena on the City of New York for certified payrolls. Had to postpone depositions of three (3) non-party witnesses scheduled for Dec 1 and 2, 2022. On or about October 6, 2022, Plaintiffs served Jill Armand with a notice for a deposition to be held on November 28, 2022. On or about November 16, 2022 counsel for Defendants stated Ms. Armand would not be available on that date for a deposition. Since the Christmas and New Year holidays are fast approaching and Defendants are delaying discovery, Plaintiff respectfully requests additional time to ensure Defendants will comply with discovery. The fact discovery deadline in the first case had to be extended three times due solely to Defendants' delay in producing relevant documents and Defendants' failure to serve proper written responses. Defendants' deliberately withheld relevant documents without putting Plaintiff on notice that they were in possession of those documents but were withholding them. Plaintiff had to guess as to what they had and then repeatedly demanded those documents. Defendants further mischaracterized Plaintiff's first to third amendments of the pleadings in 20cv10373 as improper. The first amendment was to remove an incorrectly named Defendant. The second was at Defendants' request to correct the spelling of Defendant Solutionz name and the third also with Defendants' consent was to add Plaintiff's ADA claims for which he recently obtained a right to sue letter from the EEOC. The fourth amendment was requested prior to the discovery deadline.

      Based on the foregoing, Plaintiff Pujols respectfully requests that <u>1) Defendants' motion to stay discovery be denied; and 2) a further extension of the discovery deadline be granted; and 3) any and further relief that this Court deems just and proper.</u>

Respectfully submitted,

/s/ Susan Ghim

_____

Susan Ghim

cc: VIA ECF only
All Counsel of Record for Defendants

> The Court has reviewed the parties' letters on a proposed stay in discovery. The Defendant has not met its burden to make a strong showing that the Plaintiff's claim is unmeritorious. The Defendant's assertions that the motion may be dispositive of the entire action and not unfounded in the law are insufficient to establish that the Plaintiff's claim is unmeritorious. The remaining discovery is limited and soon to be completed, and there is little burden in responding to it. Further, the stay would prejudice the Plaintiff, who has noticed the depositions that were set to be completed but delayed because of this motion. Therefore, Defendant's application to stay discovery at ECF No. 50 is DENIED.
>
> Further, the fact discovery and depositions deadlines are extended by 30 days.

SO ORDERED:

*Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE     11/29/2022